IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Cr. No.   2:22-518 |
| | ) | |
| | ) | |
| -vs- | ) | MOTION TO MODIFY BOND |
| | ) | |
| | ) | |
| LARRY WAYNE ESTEP | ) | |

  Comes now the Defendant, through his counsel Assistant Federal Public Defender Ann Briks Walsh and moves this Court to modify a condition of bond to allow the Defendant to travel.

  The Defendant was indicted on June 15, 2022 for events that allegedly took place two to four years earlier, between 2018 and 2020.   He is charged with engaging in the business of dealing firearms without a license, selling firearms to a resident of another state, and making a false statement in the attempted acquisition of a firearm.   These are nonviolent offenses.

  In one month, Mr. Estep will be 79 years old.   Prior to this indictment, he has never been charged with or arrested for any crime.   He has lived at the same address for 60 years.   He was married to Barbara Estep for 56 years.   They were foster parents for 20 years and in fact adopted 2 children, and had 2 children of their own as well.

  Mrs. Estep suffered with cancer for the last 20 years, having 4 reoccurrences.   She died this past February.   Mr. Estep took care of her the entire time.   He was devastated by her death. He has attended grief counseling but only started to feel better by spending time with his friend in Maryland, who suffered the loss of a spouse as well.

  Mr. Estep was an airplane mechanic in the U.S. Air Force and was honorably discharged.

As a result of his work around airplanes, he has a 20% disability for hearing loss. He has macular degeneration and has lost vision in one eye and is losing vision in the other eye. He has diabetes, arthritis, and other medical problems.

Mr. Estep appeared in court for his initial appearance pursuant to a summons. He was advised of his court date for his initial appearance while he was in Maryland. He came back for his appearance and asked permission to return to Maryland, which was given. *See* Order Setting Conditions of Release, ECF 15 at 2. There have been no violations of his bond.

The rules regarding the release of a defendant pending trial are set out in 18 U.S.C. § 3142. When any person is released on bond, they are subject to the condition that they do not commit a crime, and must cooperate in the collection of DNA if so required. There are **no other conditions that are required**. 18 U.S.C. § 3142(b). However,

> [i]f the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person-

then, and only then, that person is subject to the least restrictive conditions to assure the appearance of the person and the safety of any other person and the community. 18 U.S.C. §§ 3142(c)(1) and 3142(c)(1)(B).

Pursuant to the mandate of § 3142(b), there was no evidence presented at the initial appearance, nor could there be, that Mr. Estep is a flight risk or that he will endanger the safety of any other person or the community. There was no statement by the Government or the Probation Officer proffering evidence to that effect.

Counsel, at the time of the initial appearance, had just met the Defendant, and was unaware of the Defendant's circumstances and therefore did not contest the conditions of pretrial release.

Because Mr. Estep does not present a flight risk nor a danger to the community, it is questionable whether any of the conditions placed on him are appropriate.

Even if Mr. Estep did present a flight risk or danger to the community, none of the listed conditions in 18 U.S.C. § 3142(c)(1)(B) **require** a restraint on travel.   The only reference to travel is in subsection (iv): "abide by specified restrictions on personal associations, place of abode, **or travel**."   Application of this restriction, however, must still comply with the requirement that it be the least restrictive to assure his appearance, and the safety of the community.   18 U.S.C. 3142(c)(1).   The current conditions of bond do not comport with this statute.

There is no justification to the placement of travel restrictions on this Defendant.   He has never used illegal drugs, and does not require drug testing.   There is no other condition of bond that involves a daily or weekly act on his part, or on the part of Pretrial Services.   At this time, he is only required to report to his Pretrial Officer once a month.   As long as he notifies Pretrial Services and his attorney of his travel plans and his whereabouts, and appears in court as required, and meets with his attorney upon request, he should be allowed to travel out of state, for any desired period, without prior approval.

                Respectfully submitted,

                *s/Ann Briks Walsh*
                Ann Briks Walsh, Esquire
                Assistant Federal Public Defender
                145 King Street, Suite 325
                Charleston, South Carolina 29401
                (843) 727-4148

August 3, 2022