IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 2:22-518 |
| | ) | |
| v. | ) | |
| | ) | |
| LARRY WAYNE ESTEP | ) | |

## GOVERNMENT'S OPPOSITION TO MOTION TO MODIFY BOND

Defendant was indicted on June 15, 2022, on one count of Dealing in Firearms Without a License, in violation of 18 U.S.C. § 922(a)(1)(A), two counts of Selling a Firearm to a Resident of Another State, in violation of 18 U.S.C. § 922(a)(5), and one count of Making a False Statement in Connection with Firearm Purchase, in violation of 18 U.S.C. § 922(a)(6). ECF 2.

Defendant appeared pursuant to a summons for an arraignment and initial appearance on the charges. ECF 11. At this hearing, the government asked for an unsecured bond, which the Court set at $10,000. Id. At this same hearing, the Court issued certain conditions of release, which included standard conditions requiring, among others: that the defendant not violate federal, state or local law while on release; appear in court as required; advise the court or pretrial services office in writing before making any change of residence or telephone number; submit to supervision by the US Probation Office; surrender any passport; not obtain a passport or other international travel document; limit travel to South Carolina, except with permission of the US Probation Officer, and specifically for a trip to Baltimore in July; not possess a firearm, destructive device, or other weapon; not use alcohol excessively or use or possess any controlled substance, unless prescribed by a licensed medical practitioner. ECF 15. As defense counsel concedes, at this hearing, defendant raised no objection to these conditions at the hearing. ECF

24 at 2. Because no objections were made to these conditions, the government did not proffer further evidence of defendant's potential flight risk or danger to the community. ECF 11.

On August 3, 2022, defense counsel filed a motion to modify bond, claiming that there "is no justification to the placement of travel restrictions on this Defendant" and arguing that "[a]s long as [defendant] notifies Pretrial Services and his attorney of his travel plans and his whereabouts, and appears in court as required, and meets with his attorney upon request, he should be allowed to travel out of state, for any desired period, without prior approval." ECF 24 at 3.

Prior to defense counsel filing this motion, the government was contacted by defendant's probation officer, who stated that without the travel notification requirement, it would be extremely difficult to properly supervise the defendant.

In light of defense counsel's motion, and probation's objection to the proposed modification, the government proffers the following additional facts, which justify defendant's continued supervision by U.S. Probation and restriction of travel from South Carolina unless approved by defendant's Probation Officer:

On May 29, 2014, agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) responded to defendant's residence in St. Stephens, SC regarding a complaint that he was selling firearms without a Federal Firearms License (FFL).   Defendant denied such behavior, and agents provided defendant with a copy of the ATF Firearm Regulation Reference Guide. Defendant was 70 years old the first time he was advised that his conduct was illegal. Despite this admonishment, no criminal charges were brought against the defendant for this conduct.

In June 2016, ATF agents received another complaint that defendant still was selling firearms without a FFL. Specifically, the agents' investigation revealed that defendant had purchased numerous firearms and often avoided the Report of Multiple Handgun Sales as required by law. On September 8, 2016, agents again responded to defendant's residence. Defendant admitted purchasing numerous firearms and giving or trading them, but again denied selling firearms without a FFL. Defendant was read a Notice of Unlicensed Firearms Dealing in Violation of Federal Law.   He signed the notice and was provided a copy. Defendant was almost 73 years old when he was advised once again that his unlicensed sale of firearms was illegal. Despite this second admonishment from law enforcement, no criminal charges were brought against the defendant for this conduct.

On June 16, 2020, a pawn shop chain notified the ATF that defendant had purchased 44 firearms from their shops since April 2018.   ATF investigation also revealed that 15 of the firearms defendant had purchased had been recovered by law enforcement in Haiti, Guatemala, New York, Texas, North Carolina, and South Carolina.

On July 14, 2020, after performing controlled purchases of firearms using a confidential informant (NY CI) on three separate occasions, ATF agents in New York executed a federal search warrant and recovered multiple firearms from a convicted felon who was prohibited from possessing firearms (NY co-conspirator). That same day, the NY co-conspirator was interviewed, and advised that he had purchased all of the firearms recovered in the ATF investigation from Defendant Estep at the fairgrounds in Ladsen, South Carolina.   The NY co-conspirator stated that he would drive down to South Carolina periodically to purchase firearms with the intent to resell the firearms in NY. The NY co-conspirator further stated that he would

3

only show defendant Estep his New York driver's license to purchase firearms, and that Estep never performed a background check on him or had him fill out any paperwork.

Without knowledge of the federal search warrant executed on July 14, 2020, SC ATF agents again responded to defendant's residence on July 15, 2020. During this encounter, defendant admitted selling or trading firearms, but was unable or unwilling to provide specific details. Defendant further admitted to selling firearms at the flea market located in Ladson, SC, but claimed he hadn't been there since April 2020.

On August 20, 2020, SC ATF agents arranged a controlled purchase of two firearms from defendant using a confidential informant (SC CI). The SC CI met with defendant in Moncks Corner, SC and purchased two firearms for $2000.   After further discussion, the SC CI went on to purchase two additional firearms for $1750. These transactions were captured on video with audio.

On August 31, 2020, the SC CI made a recorded phone call with defendant, arranging to purchase two additional firearms for $1300. On September 2, 2020, agents observed defendant leave his residence and conducted a traffic stop on him in Moncks Corner, SC on his way to meet with the SC CI.   The two firearms and a mobile phone were recovered from his truck. That same day, agents executed a federal Search Warrant at defendant's residence, and agents recovered 44 firearms, firearm parts, ammunition, as well as documents and other evidence indicative of dealing in firearms.

ATF has determined that since August of 2013, defendant has purchased at least 452 firearms from FFLs, at least 425 of which were purchased after ATF first advised defendant that it was illegal for him to engage in the business of selling firearms without a license. Notably,

only 17[1] of the 452 purchased firearms were recovered during a search of defendant's residence, and more than 30 firearms were recovered by law enforcement in investigations unrelated to this case. Of these recovered firearms, 9 were seized by customs officials at the Mexican border in Texas, 8 were recovered by police in Haiti, at least 5 were linked to violent crimes (including two shootings, an armed robbery, and a homicide), and at least 3 were recovered from prohibited felons.

A record search confirmed that during the relevant time period, defendant never possessed a federal firearms license to sell firearms.

It is the government's position that these facts overwhelmingly justify defendant's continued supervision by Probation and restrictions on travel, to protect the safety of the community from further crimes of the defendant. As detailed above, firearms that the defendant purchased and resold have ended up in the hands of prohibited felons and recovered in connection with shootings, an armed robbery, and a homicide. As such, it is misleading for defense counsel to assert that defendant's conduct constitutes a "victimless crime" that did not endanger the community. Furthermore, firearms purchased and resold by defendant have been recovered in other states and other countries, raising the government's concern that if defendant is allowed unrestricted travel, he will continue to engage in the illegal sale of firearms, specifically to prohibited persons and residents of other states with more restrictive firearms laws.

---

[1] 27 additional firearms were recovered from defendant's residence during the execution of the search. This, along with evidence of defendant's activity on websites such as Armslist, additional firearms recovered during the search of the NY co-conspirator's residence, and controlled purchases by NY and SC CIs that could not be traced back to FFL purchases by defendant, suggest that defendant also bought a numerous firearms in the secondary market that he then resold to others.

Defendant has shown no change of circumstances that would justify a modification of his bond conditions. The government already considered the defendant's age, criminal history, and defendant's recent loss of his spouse in not seeking detention or more restrictive conditions of release. As such, the government requests that defendant's motion be denied.

        Respectfully submitted,

        ADAIR F. BOROUGHS
        UNITED STATES ATTORNEY

        By: *s/ Allessandra Stewart*
        Allessandra Stewart (Federal ID #19262)
        Assistant United States Attorney
        151 Meeting Street, Suite 200
        Charleston, South Carolina, 29401
        Tel. 843-460-2662
        allessandra.stewart@usdoj.gov

August 9, 2022