-1-
# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 2:22-518-DCN |
| v. | |
| LARRY WAYNE ESTEP | **PLEA AGREEMENT** |

## General Provisions

This PLEA AGREEMENT is made this 1st day of March, 2023, between the United States of America, as represented by United States Attorney ADAIR F. BOROUGHS, Assistant United States Attorney Allessandra Stewart, the Defendant, **LARRY WAYNE ESTEP**, and Defendant's attorney, Ann Walsh.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Count 1 of the Indictment now pending, which charges: Engaging in Business of Dealing Firearms Without a License, in violation of Title 18, U.S.C. § 922(a)(1)(a).

In order to sustain its burden of proof, the Government is required to prove the following:

-2-

Count 1

    A.    The defendant was not licensed to deal firearms; and

    B.    The defendant willfully engaged in the business of dealing firearms.

The penalty for this offense is: imprisonment of up to 5 years, a fine of $250,000, 3 years of supervised release and a special assessment of $100.

2.     The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. In the event the Court imposes a schedule for payment of restitution, the Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the Government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a

-3-

term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A.    Special Assessment: Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing, or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

    B.    Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims. Upon demand, the Defendant shall submit a personal financial statement under oath and submit

-4-

to interviews by the Government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

C. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not

-5-

have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

4. Provided the Defendant complies with all of the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Indictment at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Commission Guidelines.

### Cooperation and Forfeiture

5. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the

-6-

sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

   A.  the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above;

   B.  all additional charges known to the Government may be filed in the appropriate district;

   C.  the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

   D.  the Government will use any and all information and testimony provided by the Defendant pursuant to this Agreement, or any prior proffer agreements, in the prosecution of the Defendant of all charges.

6. The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his refusal to take or his failure to pass any such polygraph examination to the Government's satisfaction will result, at

-7-

the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

7. The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the United States Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

   A. known to the Government prior to the date of this Agreement;

   B. concerning the existence of prior convictions and sentences;

   C. in a prosecution for perjury or giving a false statement; or

   D. in the event the Defendant breaches any of the terms of the Plea Agreement; or

   E. used to rebut any evidence or arguments offered by or on behalf of the Defendant (including arguments made or issues raised *sua sponte* by the District Court) at any stage of the criminal prosecution (including bail, trial, and sentencing).

-8-

8. Provided the Defendant cooperates and otherwise complies with all the terms and conditions of this Plea Agreement, and that cooperation is deemed by the United States as providing substantial assistance in the investigation or prosecution of another person, the United States will file a motion for a downward departure pursuant to U.S.S.G. § 5K1.1, and pursuant to such motion, **the United States agrees to recommend a sentence of a term of probation (irrespective of any fines and/or forfeitures)**. The parties agree that this recommended sentence is a joint recommendation by all parties and is contingent upon the Defendant providing substantial assistance pursuant to U.S.S.G. § 5K1.1. The parties reserve the right to present arguments, including sentencing memoranda, to the Court at sentencing regarding the appropriate sentence, including arguments for a variance. The parties agree that this recommended sentence reflects the appropriate sentence after considering the Defendant's substantial assistance, acceptance of responsibility, the sentencing factors in 18 U.S.C. § 3553, and any and all factors that may warrant a variance. The parties further agree that this recommended sentence is not binding on the Court, and if the Court declines to impose the recommended sentence, the parties will have no right to withdraw from

-9-

this Agreement. If the Defendant does not comply with all the terms of this Agreement, the United States and the State of South Carolina may seek the maximum sentence allowed by law, and the Defendant will not be allowed to withdraw his/her plea.

9. The Defendant agrees to voluntarily abandon all right, title, interest and claim in the firearm(s) and ammunition seized from him, to wit: all firearms administratively seized by law enforcement, including, but not limited to, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and Department of Homeland Security (DHS), as well as all firearm(s) and ammunition detailed in the forfeiture provision of the information.

10. The Defendant also agrees to voluntarily transfer all right, title, interest and claim in the above-described property and/or assets to the United States of America. Furthermore, the Defendant attests, under penalty of perjury, that the Defendant owns the above-described property and/or assets free of any liens and encumbrances, and that no other person or entity has a claim to the above-described property and/or assets.

-10-
## Merger and Other Provisions

11. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's sentence. This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

12. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations

-11-

and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

March 1, 2023
Date

March 1, 2023
Date

LARRY WAYNE ESTEP, DEFENDANT

ANN WALSH
ATTORNEY FOR THE DEFENDANT

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

2/27/23
Date

/s/ Allessandra Stewart
ALLESSANDRA STEWART (#19262)
ASSISTANT UNITED STATES ATTORNEY